UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| ALLEN FERNANDEZ | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 23-57 |
| ENGINEERING & INSPECTION SERVICES, LLC, ET AL. | * | SECTION "L" (2) |

**ORDER AND REASONS**

This matter is before me on my August 28, 2023 Show Cause Order (ECF No. 26) and Exxon Mobil Corporation's related Motion for Clarification or to Vacate Aspects of August 28, 2023 Order and/or Alternatively, Motion for Order Preserving Defenses. ECF No. 31.

Having considered the record, the written submissions and argument of counsel at the September 6, 2023 show cause hearing, and the applicable law, the Court ADMONISHES counsel against failure to appear for scheduled hearings and conferences, DENIES Exxon Mobil's Motion for Clarification or to Vacate Aspects of the August 28, 2023 Order, and GRANTS the alternative Motion for Order Preserving Defenses for the reasons stated herein.

**I.    BACKGROUND**

Plaintiff Allen Fernandez is proceeding *pro se* on his complaint alleging race and age discrimination as well as retaliation against Engineering and Inspection Services, LLC ("EIS") Carolyn Sutton, John Tav and Rob Frater. ECF No. 4. The Court granted his request to proceed *in forma pauperis*. ECF No. 6.

Plaintiff filed an Amended Complaint on June 9, 2023, dismissing the individual defendants and adding Exxon Mobil as a defendant. ECF No. 14. EIS filed an Answer on July 26, 2023 (ECF No. 21), and Exxon Mobil filed a Motion to Dismiss pursuant to Rule 12(b)(5) on

1

August 7, 2023.  ECF No. 23; No. 23-1 at 3-4 (seeking dismissal for insufficiency of service based on Plaintiff's certified mailing to Exxon Mobil's Beaumont Complex).

This Court issued an Order dated August 15, 2023, scheduling a preliminary conference by video.  ECF No. 24.  The Court convened the conference at the scheduled time as set forth in the August 15, 2023 Order.  Plaintiff appeared as did counsel for EIS.  Counsel for Exxon Mobil, however, failed to appear.  Following the conference, this Court issued a show cause order directing Exxon Mobil's counsel to show cause why they should not be sanctioned for failure to attend the preliminary conference.  ECF No. 26.

## II.  APPLICABLE LAW AND ANALYSIS

Rule 16(f) of the Federal Rules of Civil Procedure authorize imposition of any just order if a party or its attorney fails to appear at a scheduling or other pretrial conference.  FED. R. CIV. P. 16(f)(1).  "When an attorney fails to appear or makes a delayed appearance, however, the conduct which is subject to sanction is not the absence itself but the failure to provide sufficient justification for the absence or delay."[1]

### A.  The Preliminary Conference and the EDLA's Automatic Referral Procedure

Local Rule 73.2 of this Court provides, in pertinent part:

The clerk must automatically refer the following categories of civil cases to the magistrate judges pursuant to 28 U.S.C. 636(b) and/or 636(c), as applicable, conditioned upon consent of the parties, if required by statute:
. . .
(C) Employment discrimination cases brought pursuant to 42 U.S.C. 2000(e)[.]

In the Eastern District, an automatically referred case remains assigned to the magistrate judge until after the preliminary conference.  The preliminary conference is the event at which the parties notify the magistrate judge whether there is unanimous consent to proceed before the magistrate

---

[1] *In re Greene*, 213 F.3d 223, 225 (5th Cir. 2000) (quoting *United States v. KS&W Offshore Eng'g, Inc.*, 932 F.2d 906, 909 (11th Cir. 1991) (citing *United States v. Nunez*, 801 F.2d 1260 (11th Cir. 1986))).

judge for all purposes in accordance with 28 U.S.C. § 636(c).  If there is unanimous consent, the case is referred to the magistrate judge.  If, however, the parties do not unanimously consent, then the Rule 73.2 automatic referral is revoked, the case is returned to the district judge's docket, and that district judge addresses the Rule 12 motion and issues a scheduling order.

As this case includes a Title VII claim, it was automatically referred to the magistrate judge for all purposes upon filing.  Consequently, Exxon Mobil's Motion to Dismiss was referred to the magistrate judge.  *See* Docket Entry for ECF No. 23.  Since a Rule 12 motion is dispositive, the parties must consent to the magistrate judge's jurisdiction to decide that matter.  *See* 28 U.S.C. §§ 636(b)(1)(A) & (c).  To allow this case to proceed, including resolution of Exxon Mobil's pending motion, after all parties have appeared, the court scheduled a preliminary conference by video.  ECF No. 24.  The Order states, in pertinent part:

> One purpose of the conference is to determine whether all parties consent to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c). Discovery issues, deadlines and other dates will also be discussed, if appropriate.

The Court convened the conference at the scheduled time as set forth in the August 15, 2023 Order.  Plaintiff appeared as did counsel for EIS.  Counsel for Exxon Mobil, however, failed to appear.  Court staff attempted without success to reach each of Exxon Mobil's three identified attorneys to participate in the conference, all without success.  After waiting 20 minutes for Exxon Mobil's counsel, the court proceeded with the preliminary conference.

Although the court proceeded with the preliminary conference with some of the parties, the court could not determine whether there was unanimous consent to proceed before the United States Magistrate Judge due to Exxon Mobil's counsel's failure to appear.  The Court's Minute Entry summarized the events of the preliminary conference and ordered counsel for Exxon Mobil to show cause why they should not be sanctioned for failure to appear at the scheduled conference.  ECF No. 26.  In response to that Minute Entry, Exxon Mobil sent an email requesting that the

show cause order be vacated. It thereafter filed a Motion for Clarification or to Vacate Aspects of August 28, 2023 Order and/or Alternatively, Motion for Order Preserving Defenses and Memorandum of Authorities Against Imposition of Sanctions and Showing Good Cause for Non-Appearance. ECF Nos. 31, 34.

### B. Ignoring a Court Order is NOT Appropriate

Counsel for Exxon Mobil defends his failure to appear at the preliminary conference on the basis of his concern that appearance would effect a waiver of his pending Rule 12(b)(5) defense. He cites numerous cases from various other jurisdictions involving waiver to support his position, but those cases are all factually inapposite. More importantly, contrary to counsel for Exxon Mobil's suggestion, the issue before the Court is **not** whether a party can, by conduct, waive a Rule 12 defense raised in an answer when that the party fails to pursue that defense and engages in extensive litigation for a lengthy period of time. Rather, the issue here is whether counsel, who has appeared for a party, is listed as counsel of record on the docket, and receives a court order directing that party to appear for a conference with the court may simply ignore that order and not appear as directed, without any notice whatsoever to the court or even bothering to provide the court with the courtesy of advance notice of its mistaken interpretation of the law on waiver.

Although not cited by Exxon Mobil's counsel, the Fifth Circuit has recognized the doctrine of waiver by conduct.[2] For instance, in *PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 460–61 (5th Cir. 2001), the court acknowledged that a party may

---

[2] *See, e.g.*, *Broadcast Music, Inc. v. M.T.S. Enters., Inc.*, 811 F.2d 278, 281 (5th Cir. 1987) (holding that individual defendants' counsel active participation for months by accepting deposition notices, engaging in settlement discussions, and attending pretrial meetings effected waiver) (citing *Cactus Pipe & Supply v. M/V MONTMARTRE*, 756 F.2d 1103, 1108 (5th Cir.1985) (quoting 6 C.J.S. APPEARANCES § 18 at 22 (1975))); *see also Magness v. Russian Fed'n*, 247 F.3d 609, 613 n.9 (5th Cir. 2001) (discussing *Broadcast News* and rejecting waiver of service defense argument). *Cf. Rodriguez v. Transnave Inc.*, 8 F.3d 284, 289 (5th Cir. 1993) (finding no waiver of sovereign immunity defense despite active participation including filing a motion to dismiss and joining in discovery motions to fully develop facts relating to immunity claim).

waive jurisdictional objections if its conduct does "not reflect a continuing objection to the power of the court to act over the defendant's person" or seeks affirmative relief from the court. In the Fifth Circuit, however, even the filing of a counterclaim, cross-claim, or third-party claim does not, without more, waive an objection to personal jurisdiction.[3] And while extensive participation in discovery may result in a waiver by conduct of a preliminary defense that the party has raised but not actively pursued, complying with a court order to exchange initial disclosures does not.[4] To the extent Exxon Mobil had any concerns regarding same, it could have sought an order recognizing that such conduct will not waive its defense as it has now done.

Conspicuously absent from Exxon Mobil's filings is a single case from any appellate or district court in any jurisdiction that holds that a party, with a pending Rule 12(b)(5) motion set for hearing, waives that pending motion by appearing at the preliminary conference.[5] The reason for that failure is simple: There is simply no support for the notion that appearance at a preliminary conference effects a waiver of a pending motion scheduled for hearing within days of the preliminary conference. The Fifth Circuit precedent on waiver by conduct clearly requires far more to establish waiver by conduct than attendance of the initial preliminary conference before the magistrate judge in an automatically referred case. Indeed, over 25 years ago, Judge Livaudais recognized that participation in a preliminary conference does not waive a Rule 12 defense.[6]

---

[3] *Bayou Steel Corp. v. M/V Amstelvoorn*, 809 F.2d 1147, 1149 (5th Cir. 1987).

[4] *Johnson v. PPI Tech. Servs., L.P.*, No. 11-2773, 2012 WL 5449636, at *2 (E.D. La. Oct. 18, 2012) (rejecting argument that exchange of initial disclosures constitutes a general appearance and thus waives personal jurisdiction defense), *R.&R. approved sub nom. Johsnon v. PPI Tech. Servs. LP*, No. 11-2773, 2012 WL 5438999 (E.D. La. Nov. 7, 2012).

[5] To the extent counsel suggests that the preliminary conference was scheduled to address substantive matters (ECF No. 31-1 at 7), counsel ignores the Order's express limitation to addressing discovery matters "if appropriate." Counsel certainly could have attended that conference, articulated its position on service and requested that discovery matters not be addressed until resolution of that motion. Rather than do so, however, counsel simply chose to ignore the order and not appear at that conference. Having done so, he cannot now complain about the issues that were addressed at the preliminary conference in his absence.

[6] *Michael v. Banks*, No. 95-2592, 1996 WL 3902, at *2 (E.D. La. Jan. 3, 1996) (rejecting argument that attendance at preliminary conference waived defense).

The Fifth Circuit's decision in *Brokerwood International, Inc. v. Cuisine Crotone, Inc.*, 104 F. App'x 376, 379-81 (5th Cir. 2004), provides additional guidance. In that case, the court reversed a district court's finding of waiver of a personal jurisdiction defense raised in the answer but not pursued for seven months. The court explained:

> [I]n several cases other circuits have concluded that a defendant may waive a properly-pleaded personal jurisdiction defense by failing to pursue the defense after including it in an answer. . . .
> Although we do not state a bright-line rule, we disagree with the district court and conclude that [the defendant] did not waive its personal jurisdiction objection. [The defendant's] actions, particularly considering that it continued to note its objection to jurisdiction at the preliminary conference and in its discovery responses, do not rise to the level of "sandbagging," or participation that would cause waiver. [The defendant] did not file any counterclaims, much less seek adjudication on the merits of any claims. . . . [The defendant] raised its objections in a motion before the district court; it did not wait until appeal . . . . We are left with only an allegation of strategic timing: that [the defendant] waited until [plaintiff's] motion to preclude had been denied. This is not enough to waive [the defendant's] jurisdictional challenge.[7]

This is simply an extension of the Fifth Circuit's "well-established rule that parties who choose to litigate actively on the merits thereby surrender any jurisdictional objections."[8]

Applying Fifth Circuit precedent, under no circumstances could mere appearance at the August 28, 2023 preliminary conference in the face of the scheduled August 30, 2023 hearing on the Rule 12(b)(5) motion be characterized as "extensive participation" in the merits of the litigation for a lengthy period of time as necessary to establish a waiver by conduct. Nevertheless, if counsel were concerned that attendance of the court-ordered preliminary conference two days before the scheduled submission date on its motion would effect a waiver, counsel could have taken alternative actions to ensure that its defense was preserved whilst complying with the court's order. For instance, it could have (1) attended the conference and, at the outset, noted its participation

---

[7] *Brokerwood Int'l, Inc. v. Cuisine Crotone, Inc.*, 104 F. App'x 376, 379-81 (5th Cir. 2004).
[8] *PaineWebber Inc.*, 260 F.3d at 459 (citation omitted).

6

subject to and without waiving its pending motion; (2) filed a Motion for Order Preserving Defenses, asking the Court to expressly recognize that its participation would not effect a waiver of its defense; (3) filed a Motion to Stay, seeking to stay of the matter pending resolution of its defense; or (4) sought permission to be excused from attending the conference. At the very least, counsel could have telephoned court staff to advise of its rationale for not attending the court-ordered conference before simply ignoring the order, not showing up, and wasting 20 minutes of the court's time and other parties' time while court staff attempted to reach counsel.

## III.  CONCLUSION

Exxon Mobil's counsel has not established good cause for the failure to appear for the court-ordered preliminary conference, particularly in light of the numerous alternatives available to preserve his client's defenses and protect it from waiver while still appearing at the conference. That failure has delayed the progress of this case. Nevertheless, Exxon Mobil's counsel has apologized to the court for his failure to appear and acknowledged that he now understands that he cannot unilaterally decide when and when not to comply with this court's orders. Accordingly,

IT IS ORDERED that Scott Huffstetler, counsel for Exxon Mobil, be ADMONISHED against future failures to comply with court orders, including orders directing his appearance at scheduled hearings and conferences;

IT IS FURTHER ORDERED that Exxon Mobil's Motion for Clarification or to Vacate Aspects of the August 28, 2023 Order is DENIED.

IT IS FURTHER ORDERED that Exxon Mobil's alternative Motion for Order Preserving Defenses is GRANTED. Exxon Mobil will not waive any jurisdictional defense, including its pending insufficiency of service objection, by complying with the Court's August 28, 2023 Order

requiring the parties to confer regarding consent under 28 U.S.C. § 636(c), participate in the Rule 26(f) conference, and exchange of initial disclosures.

New Orleans, Louisiana, this 6th day of September, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE