UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALLEN FERNANDEZ | * | CIVIL ACTION |
| VERSUS | * | NO. 23-57 |
| ENGINEERING & INSPECTION SERVICES, LLC, ET AL. | * | SECTION "L" (2) |

## ORDER AND REASONS

Before the Court is Defendant Exxon Mobil Corporation's Motion to Dismiss for Insufficient Service of Process. R. Doc. 23. Plaintiff Allen Fernandez has responded in opposition. R. Doc. 29. Defendant has filed a reply, R. Doc. 33, and Plaintiff has filed a response, R. Doc. 37. Having considered the briefing and the applicable law, the Court rules as follows.

### I.     BACKGROUND

This matter arises from alleged race and age discrimination and retaliation against Engineering and Inspection Services, LLC ("EIS"), Carolyn Sutton, John Tav, and Robert Frater. R. Doc. 4. Plaintiff Allen Fernandez is participating in proceedings as a *pro se* litigant. *Id.* On January 24, 2023, the Court granted Fernandez's request to proceed *in forma pauperis*. R. Doc. 6. Fernandez filed an Amended Complaint on June 9, 2023, adding Exxon Mobil Corporation ("ExxonMobil") as a defendant, and dismissing the individual defendants. R. Doc. 14.

On June 15, 2023, the Clerk of Court issued a Summons addressed to "ExxonMobil" listing its Beaumont, Texas refinery address. R. Doc. 15-1. On July 17, 2023, Fernandez filed a Return of Service of Summons demonstrating that he mailed documents to ExxonMobil on June

1

30, 2023. R. Doc. 19-1. These documents were sent to the Texas refinery address and delivery confirmation was signed by a person named Sheola Hanie. *Id.*

On July 26, 2023, EIS filed an Answer. On August 7, 2023, ExxonMobil filed the instant motion. R. Doc. 23.

## II.     PRESENT MOTION

Defendant ExxonMobil filed a 12(b)(5) motion arguing that Plaintiff's claims against it should be dismissed because of insufficiency service of process. Defendant alleges that Plaintiff improperly served ExxonMobil under the Federal Rules of Civil Procedure, Louisiana, and Texas law. *Id.* at 6-8. Defendant further argues that any actual notice that Defendant has about the lawsuit is irrelevant regarding its 12(b)(5) motion. *Id.* at 8. Thus, Defendant prays that this Court dismiss the Plaintiff's claims for improper service of process. *Id.* In opposition, the Plaintiff proposes "re-service" and "cooperation and open communication" with opposing counsel. R. Doc. 29 at 1. Plaintiff argues that he has complied with service requirements set forth in the United States District Court for the Eastern District of Louisiana's rules of civil procedure and that his service was timely. *Id.* at 2. Plaintiff further argues that "even if there were minor technical deficiencies," he "substantially complied" with the requirements and should be allowed the opportunity to cure. *Id.* at 3. In an attempt to strengthen his arguments, Plaintiff cites California state law. *Id.* at 4.

Defendant ExxonMobil filed a reply memorandum to Plaintiff's opposition and argues that Plaintiff "essentially concedes he did not effectuate proper service of process" because Plaintiff seeks to "re-serve" the Defendant. R. Doc. 33 at 1. Defendant further argues that Plaintiff's reliance on California state law is misplaced, and again raises that actual notice of the lawsuit is irrelevant in evaluating sufficiency of process. *Id.* at 2. In response, Plaintiff argues

that Defendant "willfully omitted the idiom 'if necessary'" regarding his proposal to "re-serve" the Defendant in his earlier opposition memorandum. R. Doc. 39 at 1. Plaintiff further reiterates his previous positions, including "substantial compliance" with rules of service, and raises other arguments irrelevant to the present motion. *Id.* at 1-2.

### III. APPLICABLE LAW

**Federal Law**

Rule 12(b)(5) of the Federal Rules of Civil Procedure allows parties to assert the defense of insufficient service of process by motion. "When service of process is challenged, the serving party bears the burden of proving its validity or good cause" for failing properly to effect service. *Shabazz v. City of Houston*, 515 F. App'x 263, 264 (5th Cir. 2013) (quoting *Sys. Signs Supplies v. U.S. Dep't of Justice,* 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam)).

Federal Rule of Civil Procedure 4(h) provides that service of a corporation can be achieved by either 1) delivering a copy of the summons to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process, or 2) by following the method for serving an individual laid out in Rule 4(e)(1) that requires following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

**State Law**

Louisiana Code of Civil Procedure article 1261 governs service of either domestic or foreign corporations within Louisiana and provides that service is to be made by personal service on any of its agents for service of process. If personal service on an agent is not possible, after due diligence, or if the corporation has not designated an agent or there is no designated agent by reason of death, removal, or resignation, service may also be accomplished:

3

> (1) By personal service on any officer, or director, or on any person named as such in the last report filed with the secretary of state. (2) By personal service on any employee of suitable age and discretion at any place where the business of the corporation is regularly conducted. (3) By service of process under the provisions of R.S. 13:3204, if the corporation is subject to the provisions of R.S. 13:3201.

La. C.C.P. art. 1261(B).

Louisiana Code of Civil Procedure article 1262 governs substituted service if an individual is unable to make service under article 1261. It provides that

> If the officer making service certifies that he is unable, after diligent effort, to have service made as provided in article 1261, then the service may be made personally on the secretary of state, or on a person in his office designated to receive service of process on corporations. The secretary of state shall forward this citation to the corporation at its last known address.

La. C.C.P. art. 1262.

Texas Rule of Civil Procedure 106(b) provides a limited exception to normal service. However, substituted service is only permissible after plaintiffs file a motion supported by an affidavit that describes the unsuccessful attempts at service by mail or delivery to the Defendant:

> Upon motion supported by a statement-sworn to before a notary or made under penalty of perjury-listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted [by mail] or [delivery to the defendant] at the location named in the instatement but has not been successful, the court may authorize service:
>
> (1) By leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement.

Tex. R. Civ. Proc. 106(b).

### IV.    DISCUSSION

Defendant argues that Plaintiff's service of process fails under both prongs of Federal Rule of Civil Procedure 4(h)(1).

The court agrees.

In delivering a mailed copy of the summons to an individual named Sheola Hanie, ExxonMobil argues that Fernandez failed to serve the president, vice president, officer, or any agent of ExxonMobil in violation of Fed. R. Civ. Proc 4(h)(1)(B). R. Doc. 19-1; R. Doc 23 at 6. ExxonMobil argues that Ms. Hanie is not an employee of ExxonMobil, but rather an employee of another corporation (CBRE Group, Inc.) that provides contract mailroom services to ExxonMobil. Id. at 4,6. ExxonMobil supports its contention with a sworn declaration by the Central Maintenance Department Head of ExxonMobil's Beaumont Complex, who states it is "not within the job duties of an employee of CBRE, including Hanie, to accept service of process for ExxonMobil legal documents." R. Doc. 23-2 at 2.

ExxonMobil further argues that Fernandez has not properly effectuated service under Louisiana or Texas law. *Id.* at Under 4(h)(1)(A), service on a corporation can be achieved by following the state laws for service in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. Fed. Civ. R. Proc. 4. Because Fernandez filed his lawsuit in the United States of District Court for the Eastern District of Louisiana and attempted service of process on ExxonMobil's Texas refinery location, the Court will now discuss whether Fernandez effectuated service under Louisiana or Texas law.

Fernandez failed to serve ExxonMobil under Louisiana law. Because Ms. Hanie is not an agent registered or designated to receive service of process for ExxonMobil, Fernandez has not met the sufficiency of service requirements under La. C.C.P. art 1261. Assuming, arguendo, that personal service on one of ExxonMobil's agents was not possible after due diligence, Fernandez would still not meet the requirements of Article 1261 because Ms. Hanie is not even an employee of ExxonMobil. *See* La. C.C.P. art 1261 ("If personal service on an agent is not possible after due diligence. . . service may also be accomplished . . .by personal service on any

5

employee of suitable age and discretion at any place where the business of the corporation is regularly conducted").

Further, the limited exception for substituted service under Louisiana law is only triggered after the "officer making service certifies that he is unable, after diligent effect to have service made." La. C.C.P. art. 1262. ExxonMobil argues that Fernandez never filed the required certification with the Court explaining his inability to properly serve ExxonMobil and also never attempted substituted service through the Louisiana Secretary of State. R. Doc. 23 at 7.

Fernandez does not meet the substituted service exceptions under Texas law either. Courts may only permit substituted service under Texas law after the plaintiff files a motion, supported by an affidavit, explaining their unsuccessful attempts at service. Tex. R. Civ. Proc. 106(b). Here, the record and Fernandez's actions do not indicate Plaintiff's any attempt at filing a motion for failure to effectuate service on ExxonMobil.

In response, Fernandez argues that ExxonMobil had actual notice of the case at hand and attempts to strengthen his arguments with California state law. R. Doc. 29 at 2-3. However, Fernandez's efforts are unavailing. California state law, through persuasive, is not binding on this Court. Decisions from the Fifth Circuit and other sections of this Court indicate that actual notice of a pending lawsuit does not substitute for insufficient service of process. *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988) ("The defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements."); *Ransom v. Brennan*, 437 F.2d 513, 519 (5th Cir. 1971) ("Assuming the [defendant] had such actual notice, which plaintiff infers that she must have had, it would not operate as a substitute for process."); *Badeaux v. Grand Isle Marina Construction, LLC*, 2019 WL 1755523 *1, *3 (E.D. La. Apr. 18, 2019) ("[A]ctual notice is not a substitute for legal process and does not satisfy Rule 4's requirements.").

Turning to the "good cause" exception for failure to properly effect service, Fernandez's participation in this proceeding as a *pro se* litigant does not constitute good cause. The Fifth Circuit has consistently held that pro se litigants are not excused from effecting proper service. *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011 (5th Cir. 1990) (per curiam) ("Pro se status does not excuse a litigant's complete failure to effect service."); *see Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (holding that if "complete ignorance of Rule 4" would amount to "good cause" then "it would allow the good cause exception to swallow the rule") (internal citation omitted). In sum, Fernandez's efforts to effectuate service on ExxonMobil have fallen short under Federal Rule of Civil Procedure 4(h).

## V.    CONCLUSION

For the foregoing reasons, ExxonMobil's Motion to Dismiss, R. Doc. 23, is hereby **GRANTED**.

New Orleans, Louisiana, this 10th day of October, 2023.

_____
United States District Judge