UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| ALLEN FERNANDEZ | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 23-57 |
| ENGINEERING & INSPECTION SERVICES, LLC, ET AL. | * | SECTION "L" (2) |

**ORDER AND REASONS**

On October 17, 2023, Plaintiff Allen Fernandez filed a Motion to Appoint Counsel. ECF No. 45. The matter has been referred to the undersigned for determination. *See* ECF No. 47.

Plaintiff seeks appointment of counsel in this case alleging race and age discrimination as well as retaliation for which he has been granted *in forma pauperis* status. ECF Nos. 4, 6. Plaintiff asserts that he cannot afford counsel, has been unable to obtain counsel despite his efforts, the case is complex, and the outcome has significant consequences for his personal and financial well-being. ECF No. 45; No. 45-1.

## I. BACKGROUND

Plaintiff asserts claims of race and age discrimination as well as retaliation. ECF No. 4. Specifically, he alleges that, after he complained that he was forced to work in hot and dangerous conditions while a white co-worker was allowed to sit in the company van, he was subjected to false accusations of misconduct. He further claims that his termination was pretextual. *Id*. ¶ III, at 4-5. Plaintiff asserts that the EEOC issued a right to sue on October 7, 2022, and he filed suit on January 5, 2023, within the 90-day deadline. *Id*. ¶ IV at 5.

## II. APPLICABLE LAW

Title VII provides for the appointment of an attorney upon request "in such circumstances as the court may deem just." 42 U.S.C. § 2000e–5(f)(1). Courts consider: (1) the merits of the

1

claims of discrimination; (2) the efforts taken by plaintiff to obtain counsel; and (3) plaintiff's financial ability to retain counsel.[1] No one factor is considered conclusive, and the factors are suggestive, not exclusive.[2]

Appointment of counsel is also available under the *in forma pauperis* statute. 28 U.S.C. § 1915(e)(1). This statute requires "exceptional circumstances" considering (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.[3] Section 1915(e)(1)'s "exceptional circumstances" standard does not apply to Title VII cases that are not filed in forma pauperis.

The appointment of counsel in a civil case is a privilege, not a constitutional right.[4] Thus, while these statutes authorize appointment of counsel, a litigant generally has no ***right*** to a court-appointed attorney in a civil case.[5] The decision whether to appoint counsel rests within the sound discretion of the trial court,[6] and the court may not appoint counsel as a matter of course or ordinary practice.[7] The court should consider whether appointment would be a service to the court and all parties in the case by "sharpening the issues . . . . , shaping the examination of witnesses, and thus

---

[1] *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990) (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977); *Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984)).
[2] *White v. United States Pipe & Foundry Co.,* 646 F.2d. 203, 205 (5th Cir. 1981) (citation omitted).
[3] *Norton v. DiMazana*, 122 F.3d 286, 293 (5th Cir. 1997); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); *Castro Romero v. Becken*, 256 F.3d 349, 353–54 (5th Cir. 2001); *see also Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992).
[4] *Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 333 (5th Cir. 2013) (citing Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982)); *see also Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).
[5] *See FTC v. Assail, Inc.,* 410 F.3d 256, 267 (5th Cir. 2005) (constitutional right to counsel does not apply to civil pro se litigants); *Gonzalez*, 907 F.2d at 579 (no automatic right to appointment of counsel in Title VII case) (citing *Caston*, 556 F.2d at 1309).
[6] *Gonzales*, 907 F.2d at 579 (citing *Caston*, 556 F.2d at 1308).
[7] *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007) (citation omitted); *see also Hadd v. LSG-Sky Chefs*, 272 F.3d 298, 301 (5th Cir. 2001); *Becken*, 256 F.3d at 353–54.

shortening the trial and assisting in a just determination."[8] *See also* April 22, 2014 Resolution of the En Banc Court of the Eastern District of Louisiana concerning appointment of counsel from this Court's Civil Pro Bono Panel (permanently adopted on Oct. 5, 2016). While a demonstrably indigent plaintiff is not entitled to appointed counsel as a matter of right,[9] when the court finds that "exceptional circumstances" exist, it abuses its discretion by declining to appoint counsel.[10]

III.  **ANALYSIS**

Plaintiff has established the financial inability to retain counsel as he appears to be unemployed with no assets or funds in bank accounts. ECF No. 5.

Before counsel may be appointed under Title VII, a claimant must make a reasonably diligent effort to secure counsel without the court's assistance. A reasonably diligent attempt to secure counsel means, at a minimum, speaking to an attorney about the merits of the case and pursuing a contingent fee arrangement."[11] While some courts deny a request for appointment of counsel when a plaintiff has the ability to engage counsel,[12] other courts recognize that even a plaintiff with a meritorious claim, capable of paying an attorney, may sometimes be unable to secure representation.[13] The claims asserted in this case include a provision for the award of attorneys' fees, which is relevant to the analysis. Here, Plaintiff has consulted with three

---

[8] *Ulmer*, 691 F.2d at 213.
[9] *Id*. at 212.
[10] *Naranjo v. Thompson*, 809 F.3d 793, 801 (5th Cir. 2015).
[11] *Weber v. Holiday Inn*, 42 F. Supp. 2d 693, 698 (E.D. Tex. 1999); *see also Smith v. Baton Rouge Radiology Grp.*, No. 12-400, 2013 WL 3246142, at *2 (M.D. La. June 24, 2013) (plaintiff failed to make diligent effort to obtain counsel where she contacted several attorneys, but failed to "state whether or not she had inquired about the possibility of a contingency fee agreement with any attorney").
[12] *See Poindexter v. F.B.I.*, 737 F.2d 1173, 1186 (5th Cir. 1984).
[13] *See Petete v. Consolidated Freightways*, 313 F. Supp. 1271, 1272 (N.D. Tex. 1970) (recognizing the reluctance of attorneys "to undertake the specific and complex challenges of a Title VII lawsuit which are not common to more frequently litigated areas of the law").

3

employment discrimination lawyers,[14] but none agreed to accept his case. He also appears to have consulted with a pro bono legal services agency.

At least on its face, Plaintiff's disparate treatment claim appear to state a claim under *Hamilton v. Dallas County*, 79 F.4th 494 (5th Cir. 2023), as "adverse employment actions" are no longer as limited as previously held. The claims do not, however, appear to be particularly complex. Despite the initial rejection of Plaintiff's first filing, he ultimately filed his complaint using the AO Form 7 for *pro se* employment discrimination cases. ECF No. 4. Likewise, the dismissal of one defendant for insufficient service under FED. R. CIV. P. 12(b)(5) is before Judge Fallon on reconsideration. ECF Nos. 43, 48. And Plaintiff appears to have presented his claim to the EEOC. Thus, while litigation is difficult for a non-lawyer, Plaintiff's demonstrated ability to represent himself counsels against appointment.[15] Further, there is no evidence indicating that Plaintiff is not capable of adequately presenting or investigating the case, and whether the evidence will consist of conflicting testimony is undetermined at this stage.

## IV.    CONCLUSION

The Court finds that Plaintiff has demonstrated the ability to adequately represent himself, as is evidenced by navigating the EEOC process and by filing a complaint in federal court. Further, his efforts to locate counsel appear to be somewhat lacking, given that he does not disclose whether he pursued the possibility of a contingent fee arrangement in his efforts to locate an attorney. As such, Plaintiff has not provided sufficient information to enable this Court to exercise its discretion to **compel** unwilling counsel to represent him in this proceeding under *Naranjo*.

---

[14] ECF No. 45-1.
[15] *See Oviedo v. Lowe's Home Improvement, Inc.,* 184 F. App'x 411 (5th Cir. 2006) (upholding district court's consideration of plaintiff's ability to represent himself in denying appointment of counsel).

However, for the convenience of the Court and considering Plaintiff's *in forma pauperis* status and the potential merit of his disparate treatment allegations, there is a sufficient basis to seek a volunteer attorney from the EDLA's Civil Pro Bono Panel. If, however, no volunteer attorney is available to assist Plaintiff, Plaintiff will be required to file a new Motion to Appoint Compulsory Counsel and present evidence to establish the existence of exceptional circumstances required before the Court may consider the exercise of its inherent power to compel an unwilling attorney to represent Plaintiff.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Appoint Counsel (ECF No. 45) is GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE as stated herein.

IT IS FURTHER ORDERED that, for the convenience of the court and all parties, the Civil Pro Bono Panel Coordinator shall seek a volunteer attorney from the Civil Pro Bono Counsel Panel of this court to represent Plaintiff in this matter, in accordance with the April 22, 2014 Resolution of the En Banc Court, permanently adopted on October 5, 2016. Should a panel attorney volunteer to serve as counsel to Plaintiff, this Court will then enter an Order appointing that attorney. Plaintiff's request for mandatory appointment of counsel to require an unwilling attorney to represent him pro bono, however, is DENIED WITHOUT PREJUDICE at this time.

New Orleans, Louisiana, this 30th day of October, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

**CLERK TO NOTIFY:**
Civil Pro Bono Program Coordinators,
Genevieve Dessommes
Emmy Schroeter